IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**BRIAN JAMES HICKS**                                                                                             **PLAINTIFF**

v.                               Case No.: 4:11-cv-4048

**MILLER COUNTY CORRECTIONAL FACILITY**                          **DEFENDANT**

**REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE**

Now before the Court is Plaintiff's Complaint. ECF No. 2. Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Judge Paul K. Holmes, III, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Complaint, ECF No. 2, be **DISMISSED** with prejudice for failure to prosecute this action and for failure to obey an Order of the Court.

**I.     BACKGROUND**

Mr. Hicks, Plaintiff herein, named as defendant to this matter the Miller County Correctional Facility. ECF No. 2. As the facility is not an entity capable of being served with Plaintiff's Complaint, an Addendum was sent to Plaintiff on June 17, 2011, asking Plaintiff to supply the names of the individuals he intended to substitute as the Defendants in this action. ECF No. 6. In that Addendum, Plaintiff was cautioned that failure to return the addendum could cause his case to be subject to dismissal. *Id.*

Plaintiff has failed to return his Addendum or request additional time for responding to the Addendum. Moreover, the inmate database maintained by the Arkansas Department of Correction, http://adc.arkansas.gov/inmate_info/index.php, shows the Plaintiff is still incarcerated at his address

of record. This information, combined with the absence of any returned mail to the Court, demonstrates that Plaintiff has had knowledge and opportunity to respond to the Court.

**II.   APPLICABLE LAW**

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been " 'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir.1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

**III.   DISCUSSION**

Plaintiff was given until July 18, 2011 to return his addendum to the Court. ECF No. 6. Plaintiff did not seek additional time beyond the July 18, 2011 deadline. As reflected above, no mail has been returned to the Court, and Plaintiff appears to be incarcerated at his address of record.

Plaintiff was specifically cautioned in the Order directing him to complete the Addendum that failure to return a completed Addendum could result in his Complaint being dismissed for failure to prosecute and for failure to obey an Order of the Court. ECF No. 6. Plaintiff has had adequate notice and opportunity to respond. Accordingly, this case should be dismissed for failure to prosecute and for failure to follow a Court Order.

## IV. CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED** for failure to prosecute and failure to follow a Court Order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **27th day of October 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE